72 U.S. 536 (____)
5 Wall. 536
UNITED STATES
v.
PICO.
Supreme Court of United States.

*538 Mr. Stanbery, A.G., and Mr. Wills, for the appellants, and Mr. Coffey, contra.
Mr. Justice FIELD delivered the opinion of the court.
By the decree of the District Court, which is the subject of appeal in this case, the respondents obtained a confirmation of their claim to two tracts of land, containing together an area of twenty square leagues.
One of the tracts is designated as the Rancho of San Margarita and San Onofre, and is described in the concession of the governor by specific boundaries. The testimony shows that these boundaries were, at the time, well known in the country, and easily traced. The concession was made in May, 1841, and within the year following juridical possession of the land was given to the grantees; and from that time until the present day it has been occupied, cultivated, and improved by them, or parties claiming under them.
In July, 1845, the concession was approved by the departmental assembly. The resolution of approval, after designating the tract ceded, adds, "in extent twelve square leagues;" and these words are supposed by the appellants to create a limitation upon the quantity granted.
It is evident, however, that the words are not used for any such purpose, but merely indicate a conjectural estimate of the quantity. The concession of the governor, with its specific description, is referred to in the proceedings of the assembly, *539 and is stated to have been made in conformity with the requirements of the law. No objection is suggested to the boundaries given, nor is an intimation made of any intention to exclude from the concession any portion of the land they embrace or to restrict the concession in any particular.
When, in Mexican grants, boundaries are given, and a limitation upon the quantity embraced within the boundaries is intended, words expressing such intention are generally used. Thus, in the Fremont case, the boundaries stated embraced many leagues more than the quantity intended to be granted, and the grant provided for the measurement of the designated quantity and the reservation of the surplus. In the absence of terms of similar import, the extent of the grant is only subject to the limitation upon the power of the governor, imposed by the colonization law of 1824.[*]
Were there any doubt of the intention of the governor to cede all the land contained within the boundaries designated by him, it would be removed by the juridical possession delivered to the grantees. This proceeding involved an ascertainment and settlement of the boundaries of the lands granted by the appropriate officers of the government, specially designated for that purpose, and has all the force and efficacy of a judicial determination. It bound the former government, and is equally binding upon the officers of our government.
Such is the purport of the recent decision in the case of Graham v. United States.[] In that case the survey made by the Surveyor-General of the grant confirmed did not conform to the measurement of the land as shown by the record of juridical possession, and the District Court, for that reason, set the survey aside and ordered a new survey, which should correspond with the measurement, holding that the action of the officers of the former government, upon the delivery of possession, furnished insuperable objections to *540 any other course. In affirming this decision, this court expressed its concurrence with the views of the District Court, and held that a proceeding of that character must control the officers of the United States in the survey of land claimed under a confirmed Mexican grant. In other words, the case decided that the juridical possession was conclusive as to the boundaries and extent of the land granted.
The other tract included in the confirmation is designated as the Rancho of Las Flores, and was acquired by the claimants by purchase from the Indians of the pueblo of that name. The existence of the pueblo and the assignment to it of the land in question by the officers of the Mexican government are fully established by the documentary evidence in the case. The objection of the appellants is founded upon the absence of any transfer of the title to the pueblo by deed or other writing. But such transfer was not essential, nor was it usual. A pueblo once formed and officially recognized became entitled, under the laws of Mexico, to the use of certain lands, for its benefit and the benefit of its inhabitants, and the lands were, upon petition, set apart and assigned to it by the government. No other evidence of title than such assignment was required, nor was any other given.[*]
The disposition of the lands assigned was subject at all times to the control of the government of the country. The pueblo of Las Flores was an Indian pueblo, and over the inhabitants the government extended a special guardianship. The transfer of the land to the Picos was made in conformity with the existing regulations established for the protection of the Indians, under the supervision and with the approval of the local authorities, and appears to have been satisfactory to all parties.
The decree of the District Court must be affirmed, and it is
SO ORDERED.
NOTES
[*] United States v. D'Aguirre, 1 Wallace, 316.
[] 4 Id. 260.
[*] Hart v. Burnett, 15 California, 542, 561.